*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★



★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00609-CR

Mario Steve **ESCAMILLA** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kendall County, Texas
Trial Court No. 07-070-CR
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Alma L. López, Chief Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   July 2, 2008

AFFIRMED

Mario Steve Escamilla III challenges the sufficiency of the evidence to support his conviction of misdemeanor driving while intoxicated. Escamilla specifically contends that the evidence is insufficient to establish that he was intoxicated while he was driving or that the offense occurred in a public place in Kendall County, Texas. We affirm the trial court's judgment.

When a party attacks the legal sufficiency of the evidence, we view the evidence and reasonable inferences therefrom in a light most favorable to the verdict and determine whether any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id*. at 9.

Escamilla was the driver of a vehicle involved in a one-car rollover accident. Escamilla's vehicle landed in a median between the interstate and the frontage road. Escamilla contends that the evidence is insufficient to support a finding that he was intoxicated while driving because no evidence was presented as to when the accident occurred. One of the investigating officers, however, testified that he was dispatched to the scene of an accident at 6:44 a.m. The officer stated that when he arrived at the scene, a witness who had seen the accident was present. From this testimony, the jury could reasonably have inferred that the accident happened shortly before the officers were dispatched. From the evidence that Escamilla was intoxicated when the officers arrived on the scene, therefore, the jury could have inferred that Escamilla was intoxicated while he was driving.

Escamilla also asserts that the evidence fails to establish that he was driving in a public place in Kendall County. Escamilla states he was "unable to find where any witness identified the accident scene in Kendall County but will defer to the Court if [Escamilla] has missed the specific cite to the

record." The State provides a record citation to the following testimony by one of the investigating officers:

Q. And after you completed your investigation did you arrest the Defendant?
A. Yes, I did.
Q. Okay. And you already identified the person in court today that you arrested, right?
A. Yes, ma'am.
Q. Was he in a public place?
A. Yes, he was.
Q. In Kendall County?
A. Yes.

This testimony is sufficient to establish that Escamilla was intoxicated while driving in a public place and that the offense occurred in Kendall County.

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH